THEODORE COOK *v.* WESNER AND WIFE AND BROWN AND WIFE.

When words in a deed, clearly granting an estate without limitation, are followed by others excepting a part of the estate granted, the part intended to be excepted must be as clearly described as the property originally conveyed, to give any force to the exception or limitation.

A. conveyed all his interest in lands to B., but in the deed, subsequent to the granting clause, were inserted words declaring the intention was to convey only a part of A.'s interest.

*Held,* that A. was estopped, and that his whole title passed.

SPECIAL TERM.—The plaintiff filed a bill to quiet title to certain real estate, which had been conveyed to him by one Ferguson, who had purchased it at sheriff's sale under a decree in chancery. It was sold as the estate of James Harrison, who had mortgaged to Wesner and wife and Brown and wife to secure the payment of purchase money for their interest therein, and had been originally owned by Mr. Harrison, who died, leaving James Harrison, Eliza A. Harrison, Theodore Harrison, Mrs. Wesner, Mrs. Brown, and Richard Harrison, Jr., his children and heirs at law. Subsequently, Eliza and Theodore died without issue, their surviving brothers and sisters being entitled to their interest as tenants in common. In October, 1855, Wesner and wife and Brown and wife conveyed by deed all their interest in the property, describing it by metes and bounds. At the time of their conveyance, they were entitled not only to their shares in the estate of their father, but also to what they inherited from their deceased brother and sister.

The point made by the defendants was, that certain words following the grant of the property in the deed above mentioned, limited the extent of the estate they intended to convey. These words were, "The object of this deed is to transfer all the estate the grantors derived

from Richard Harrison, their father, and Richard Harrison, Jr., their brother."

*Lincoln, Smith & Warnock,* for plaintiff.

*Sayler & Sayler,* contra.

STORER, J.   Wherever words of grant, clearly describing the property without limitation or restriction, are afterward followed by an exception as to part of the estate intended to be granted, the exception must so clearly describe the property intended to be excepted that there can be no doubt as to what the intentions of the parties were. As deeds are always taken more strongly against the grantor, mere words of description, which do not in themselves clearly limit the estate already granted, have not been construed to restrict or narrow the property described in the conveyance.

If, in the present case, it had been stated in the deed the object was to convey the interest the party had in the estate by virtue of any deed from a person who never owned it, or if a mistake should be made in the original transfer to the parties who made the grant, such language will be taken merely as descriptive, and, if it is necessary, will be rejected altogether in favor of the grant already made.   A false description in the conveyance of property never affects the grant itself if there is sufficient to give it a legal sanction.

Thus, it has been held that if a conveyance is made by A. to B. of a lot described by a number, as recorded on a town plat, and the lot itself should afterward be described as located in a different part of the city from which it really was, the words first used will pass the estate, and those which are appended by way of explanation will be rejected.

And so if a grant be made by A. to B. of a farm, and it should be described as being in a certain township, but there should be in the deed words to the effect that the

farm is the same property now occupied and owned by the grantor, a mistake in the township or range would be disregarded in order to give effect to the grant.

We think the defendants, who now set up that the parties did not intend to convey certain portions of the property, must be precluded from availing themselves of the language used in the deed. They have by express words conveyed their whole estate, and a subsequent alleged limitation can not affect the conveyance.

A decree will be rendered for the plaintiff quieting his title.